# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DERRANCE WHITE**                                          **CIVIL ACTION**

**VERSUS**

**DARRELL VANNOY, WARDEN**                          **NO. 15-0867-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 28, 2019.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRANCE WHITE**                                                  **CIVIL ACTION**

**VERSUS**

**DARRELL VANNOY, WARDEN**                               **NO. 15-0867-SDD-EWD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is an application for writ of habeas corpus[1] pursuant to 28 U.S.C. § 2254, filed by Petitioner, Derrance White ("Petitioner"). As the application is untimely, the undersigned recommends denial. There is no need for oral argument or for an evidentiary hearing.

**I.     Procedural History**

On May 21, 2007, Petitioner was charged via a grand jury indictment in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana with second degree murder in violation of La. R. S. 14:30.1.[2] On January 29, 2009, Petitioner entered a plea of guilty to the responsive charge of manslaughter and was contemporaneously sentenced to forty (40) years imprisonment.[3] Subsequent to Petitioner's plea and sentencing, no post-trial motions were filed nor was a direct appeal taken.[4]

On August 24, 2010,[5] however, over one and a half years after Petitioner's sentencing, he filed an application for post-conviction relief in the trial court, wherein he requested the trial court

---

[1] R. Doc. 1.
[2] Trial Court Record, p. 27.
[3] Trial Court Record, p. 75.
[4] Trial Court Record, p. 83.
[5] An inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995). Thus, courts generally presume that the date that an inmate signed and dated his filing is the date that he gave it to prison officials for mailing. *See Toomer v. Cain*, 09-7446, n. 3 (E.D. La. July 30, 2010) 2010 WL 4723365. Accordingly, absent evidence to the contrary, this Court uses the date the document was signed as its filing date.

reinstate his right to appeal the sentence imposed and alleged a right to relief based upon a claim of ineffective assistance of counsel.[6] After a hearing, on October 7, 2010, the trial court denied Petitioner's application for post-conviction relief.[7] On October 19, 2010, Petitioner filed a notice of intent to file a supervisory writ, which he filed with the Louisiana Court of Appeal for the First Circuit ("First Circuit") on December 14, 2010.[8] On March 25, 2011, the First Circuit denied Petitioner's writ on the showing made as he failed to include documents necessary for consideration.[9] Petitioner, thereafter, cured the deficiencies, and on August 15, 2011 the First Circuit again denied Petitioner's writ application.[10] Petitioner did not seek review with the Louisiana Supreme Court.

Rather, on July 7, 2014, nearly three years later, Petitioner filed a second application for post-conviction relief in the trial court, again arguing he should be allowed an out-of-time appeal.[11] On September 11, 2014, Petitioner's second application was denied by the trial court as untimely.[12] Thereafter, Petitioner sought review with both the First Circuit and the Louisiana Supreme Court, both of which denied Petitioner's writ applications.[13] On December 19, 2015, Petitioner filed an application for writ of habeas corpus with this Court.[14]

## II.     Timeliness

Based upon the foregoing, this Court concludes the Petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to

---

[6] Trial Court Record, pp. 103-08.
[7] Trial Court Record, p. 24.
[8] Trial Court Record, pp. 113; 119.
[9] Trial Court Record, p. 132.
[10] Trial Court Record, p. 133.
[11] Trial Court Record, pp. 146-49.
[12] Trial Court. Record, p. 26.
[13] Trial Court Record, pp. 151-53. The Louisiana Supreme Court echoed the trial court's opinion that the second application for post-conviction relief was not timely filed in the trial court.
[14] R. Doc. 1.

3

federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date upon which the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review.[15] If a petitioner stops the direct appeal process before proceeding through all available state courts, "the conviction becomes final when the time for seeking further direct review in the state court expires."[16]

Upon the finality of a petitioner's conviction, the one-year limitations period for filing a federal habeas corpus petition commences to run. The federal limitations statute provides, however, that the time during which a subsequent "properly filed" application for state post-conviction or other collateral review is thereafter "pending" in the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period.[17] As a corollary to this rule, any time during which there are no properly filed post-conviction or collateral review proceedings pending before the state courts does count toward the passage of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings.[18] A state post-conviction relief application is considered to be "pending" (1) while it is before a state court for review and also (2) during the interval of time after a lower state court's disposition of an application (thirty days in the State of Louisiana, unless an *allowable* extension is granted) while the petitioner is procedurally authorized by state law to file a timely application for further appellate review at the next level of state consideration.[19]

---

[15] 28 U.S.C. § 2244(d)(1)(A).
[16] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).
[17] 28 U.S.C. § 2244(d)(2).
[18] *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000).
[19] *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Here, Petitioner was sentenced on January 29, 2009. Because Petitioner did not appeal or seek reconsideration of his sentence, the judgment became final, by operation of law, on March 2, 2009.[20] Thus, on this day, the limitations period for federal habeas relief began to run, and Petitioner had one year within which to file an application for writ of habeas corpus. Accordingly, the deadline for Petitioner to file an application for writ of habeas corpus was March 2, 2010. However, Petitioner did not seek any relief until he filed his application for post-conviction relief in the state trial court on August 24, 2010.[21] Accordingly, more than a year elapsed during which Petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and thus, Petitioner's application for writ of habeas corpus in this Court is untimely.

Having found Petitioner's application to be untimely, this Court must dismiss the application pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled statutory tolling of the limitations period under § 2244(d)(1)(B) – because there was a state-created impediment to timely filing – or that he is entitled to equitable tolling.

To establish entitlement to statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Petitioner must show that some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[22] Petitioner has made no such showing in this case. Accordingly, there is no legal or factual basis in the record for a finding that Petitioner is entitled to statutory tolling under this section.

---

[20] Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken. The thirtieth day from rendition of the judgment in this matter was a February 28, 2009, a Saturday, which is a legal holiday, so the last date for Petitioner to file his appeal was March 2, 2009.

[21] Though Petitioner filed a Motion for Production of Documents on November 11, 2009, this filing does not constitute collateral review because it did not require reexamination of the petitioner's conviction or sentence, therefore, such a motion does not toll the limitations period. *See Banks v. Cain*, 13-800 at *3-4 (M.D. La. March 28, 2014), 2014 WL 2805029, *report adopted as modified*, *Banks v. Cain*, 13-800 (M.D. La. June 19, 2014), 2014 WL 2808598.

[22] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

5

Nor is there any basis in the record for equitable tolling in this case. It is Petitioner's burden to demonstrate that equitable tolling is warranted.[23] The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[24] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[25]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[26] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[27] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[28] Further, equitable tolling "is not intended for those who sleep on their rights."[29] Thus, a federal habeas petitioner is required to act with diligence[30] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[31] Petitioner has put forth no facts to indicate that equitable tolling is warranted in this matter. Petitioner waited over one and a half years before filing his first application for post-conviction relief and failed to seek review with the Louisiana Supreme Court

---

[23] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[24] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[25] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[26] *Pace*, 544 U.S. at 418.
[27] *Id.* quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[28] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[29] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[30] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[31] *See Ramos v. Director*, at *4 (E.D. Tex. Mar. 1, 2010), 2010 WL 774986.

of the denial of his first application for post-conviction relief, which indicate a lack of diligence. In addition, he did not file his second application for post-conviction relief until over five years after his sentencing. Further, Petitioner has not even alleged extraordinary circumstances. Consequently, Petitioner has not met his burden to establish that equitable tolling is warranted, therefore, his untimely application for habeas corpus relief should be dismissed.

### III.    Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[32]  Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[33] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[34] In cases where the court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[35] In the instant case, reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event Petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

---

[32] 28 U.S.C. § 2253(c)(1)(A).
[33] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[34] 28 U.S.C. § 2253(c)(2).
[35] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

7

## IV.     Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief[36] be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 28, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[36] R. Doc. 1.